## MIDWEST REGION GAS TASK FORCE ASSOCIATION, Petitioner

v.

## FEDERAL ENERGY REGULATORY COMMISSION, Respondent.

Northern Natural Gas Company, et al., Intervenors

and

Consolidated Cases.

No. 05–1468.

United States Court of Appeals, District of Columbia Circuit.

Nov. 27, 2007.

Thomas Christopher Gorak, Gorak & Bay, LLC, Honolulu, HI, for Petitioner.

Robert Harris Solomon, John Stewart Moot, Beth Guralnick Pacella, Federal Energy Regulatory Commission, Washington, DC, for Respondent.

Steve Stojic, Frank Xavier Kelly, Gallagher, Boland and Meiburger LLP, Carolyn Y. Thompson, Jones Day, Mark Kevin Lewis, Baker Botts LLP, Washington, DC, Maria Kyres Pavlou, J. Gregory Porter, Northern Natural Gas Company, Omaha, NE, for Intervenors.

Before: SENTELLE, RANDOLPH, and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This cause was considered on the record from the Federal Energy Regulatory Commission and on the briefs and arguments of the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. CIR. R. 36(b).

Petitioners Midwest Regional Gas Task Force Association (Midwest), a group of small natural gas companies that ship gas on a pipeline network operated by Northern Pipeline, Inc., (Northern), challenge an order of the Federal Energy Regulatory Commission ("FERC" or "the Commission") approving non-conforming provisions ' in long-term shipping agreements into which Northern entered with its two largest customers. While the agreements included significantly discounted shipping rates for both customers, the discounts themselves were not among the non-conforming aspects of the agreements before the Commission for approval because those discounted rates still fell within the minimum and maximum tariff rates approved previously by the Commission. Nonetheless, because Midwest is concerned that Northern will eventually seek to recoup those discounts from its members, Midwest challenges both FERC's approval of the agreements without having investigated whether the discounts were necessitated by competition and its failure to require Northern to put the capacity covered by those two agreements up for bid under a procedure known as a right of first refusal, or "ROFR."

We conclude that Midwest lacks standing to bring either challenge to FERC's orders. In its first contention, Midwest's alleged injury is the possibility that its members may some day see their shipping rates unjustifiably increase due to a potential future incorrect application of FERC's Selective Discounting Policy. This potential injury lacks the imminence necessary to support constitutional standing. See *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Midwest concedes that its members face no increase in their natural gas

shipping rates until and unless Northern files a new rate case with the Commission. We have previously held, in closely analogous circumstances, that the possibility that a pipeline will seek to increase maximum rates for small, "captive" shippers in a future rate case based on discounts for which it may seek to claim credit under FERC's Selective Discount Policy is not a sufficiently imminent injury to support constitutional standing. *See Ala. Mun. Distribs. Group v. FERC,* 312 F.3d 470, 473 (D.C.Cir.2002). We are without jurisdiction to consider Midwest's claim at this time.

Likewise, Midwest lacks standing to contest FERC's approval of Northern's agreements without having required the company to post the capacity covered by the agreements up for public auction. Midwest argues that both FERC's regulations and contractual provisions in Northern's filed tariff require Northern to auction the capacity in order to ensure the pipeline receives the highest price. Midwest argues that its members will eventually be harmed if a higher bidder would have paid more than Northern is receiving under the discounted agreements if and when Northern succeeds in gaining approval for the full amount of its discount in a future rate case. Besides the speculative nature of this injury, which makes Midwest's constitutional standing to bring this claim as dubious here as it was in the first claim, Midwest fails to even allege that another bidder was interested in obtaining that capacity, let alone at a price higher than that which Northern secured from its two largest customers in the agreements.

Furthermore, Midwest lacks prudential standing to enforce either the ROFR provision in FERC's regulations or that found in Northern's tariff. To establish prudential standing, petitioner must show that "the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute." *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). FERC's ROFR rule exists to protect long-term captive customers from the pipeline's monopoly power. *See Interstate Natural Gas Ass'n of Am. v. FERC,* 285 F.3d 18, 54–55 (D.C.Cir.2002). If the shipper whose contract is up for renewal agrees to waive the right, a competitor (or here, a group of competitors) cannot assert it.

While Midwest offers other arguments, we have considered these and find none worthy of further discussion. Accordingly, it is

ORDERED AND ADJUDGED that the petition for review be dismissed for the reasons stated.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED R.APP. P. 41(b); D.C. CIR. R. 41.